UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amy Herbst, et al.

    Plaintiffs,                                                    Case No. 1:14cv55

      v.                                                      Judge Michael R. Barrett

United States of America,

    Defendant.

## OPINION & ORDER

This matter is before the Court upon the United States' Motion to Dismiss. (Doc. 6). Plaintiffs Amy and James Herbst filed a Response (Doc. 8) and the United States filed a Reply (Doc. 12). Also before the Court is Plaintiffs' Motion for an Extension of Time to File a Certificate of Good Faith. (Doc. 16). The United States filed a Memorandum in Opposition (Doc 10) and Plaintiffs filed a Reply (Doc. 13).

### I.    BACKGROUND

Plaintiffs Amy and James Herbst bring claims under the Federal Tort Claims Act ("FTCA"), §§ 28 U.S.C. 1346(b), 2671-2680 for negligence and loss of consortium. Under the FTCA, an injured person can file an action against the United States for the negligent acts or omissions of a government employee acting within the scope of his or her official duties. 28 U.S.C. §§ 2674 and 2679(b)(1). Plaintiffs' claims are based on the medical care Amy Herbst received during the birth of Plaintiffs' son at Blanchfield Army Community Hospital ("BACH"). BACH is a part of the United States' Army Base at Fort Campbell, Kentucky.

The United States explains that the part of the base where BACH is located is in

Tennessee, and the FTCA applies the substantive state law where the alleged negligence occurred. As such, the United States argues that Plaintiffs were required to comply with the Tennessee Malpractice Act, which requires a plaintiff to file a certificate of good faith with the complaint. Because Plaintiffs did not file a certificate of good faith, the United States argues that Plaintiffs' claims must be dismissed with prejudice.

Plaintiffs respond that all of the medical records provided to Plaintiffs, the training records provided to James Herbst, and the websites for Fort Campbell and BACH indicate that BACH is located in Kentucky. In their Motion for an Extension of Time, Plaintiffs seek an extension of time to file a certificate of good faith.

## II. ANALYSIS

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss based on lack of subject matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B. Tennessee law

Plaintiffs do not dispute that Tennessee law applies if BACH is located in Tennessee. Plaintiffs point to BACH's website which lists its physical address as "650 Joel Drive, Fort Campbell, KY, 42223." (Doc. 7-2). However, several courts, including the Sixth Circuit, have explained that BACH is located in Tennessee. *See*, *e.g.*, *Jones v. United States*, 789 F. Supp. 2d 883, 885, n.1 (M.D. Tenn. 2011) (noting that BACH is actually located in Tennessee); *United States v. Talbot*, 825 F.2d 991, 992 (6th Cir. 1987) (noting that the BACH is geographically situated within the State of Tennessee). Absent any evidence to the contrary, this Court concludes that Tennessee law applies to Plaintiffs' claims.

The Tennessee Medical Malpractice Act ("TMMA") requires that "[i]n any health care liability action in which expert testimony is required by § 29–26–115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." Tenn. Code Ann. § 29-26-122(a).[1] The certificate of good faith must state that plaintiff's counsel has consulted with an expert that has stated in writing that he or she is competent to express opinions and believes there is a good faith basis to maintain the action. Tenn. Code Ann. § 29–26–122(a)(1)&(2). The failure to file a certificate of compliance renders the action "subject to dismissal with prejudice," "absent a showing that the failure was

---

[1] Expert testimony is required under Tennessee Code Annotated § 29–26–115, except where the act of alleged health care liability lies within the knowledge of ordinary laymen. *See Kenyon v. Handal*, 122 S.W.3d 743, 758 (Tenn. Ct. App. 2003).

3

due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause." Tenn. Code Ann. § 29-26-122(a)&(c).  However, the TMMA also provides: "The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown." Tenn. Code Ann. § 29–26–122(c).

The United States argues that Plaintiffs have failed to show "extraordinary cause" for failing to file a certificate of good faith and therefore their claims should be dismissed.  Tennessee courts have interpreted "extraordinary cause" in the context of the TMMA as "going beyond what is usual, regular, common, or customary." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 311 (Tenn. 2012).

Plaintiffs counter that they need only to demonstrate "good cause" for their extension of time to file a certificate of good faith.  The United States argues that a motion for extension of time is not available to a plaintiff who has failed to file any certificate.  However, Tennessee courts appear to be willing to apply the good cause standard to a motion for extension of time where a plaintiff did not file a certificate of good faith at the time the complaint was filed.  *See Brandon v. Williamson Medical Center*, 343 S.W.3d 784, 788 (Tenn. Ct. App. 2010) (applying the good faith standard to a motion for extension of time where the plaintiff failed to file certificate with her complaint); *Truth v. Eskioglu*, 781 F. Supp. 2d 630, 635, n.9 (M.D. Tenn. 2011) (finding good cause for failing to file certificate with initial complaint "[b]ecause the plaintiff actually consulted with an expert before filing her suit, and because the plaintiff was

4

waiting in good faith for the defendant to produce her medical records"); *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 312 (Tenn. 2012) (noting that after the plaintiff failed to file the certificate with the complaint, he did not file a motion seeking an extension of time under § 29–26–122(c)).

Plaintiffs point to a variety of documents from BACH and BACH's website which led them to believe BACH was located in Kentucky. For instance, Plaintiffs received a memento birth certificate from BACH which states it is "celebrating your child's birth at Blanchfield Army Community Hospital, Fort Campbell, Kentucky." (Doc. 13-2). While Plaintiffs also received a Tennessee birth certificate for their child, Plaintiffs explain that they understood they received a Tennessee birth certificate because they lived in Tennessee at that time. (Doc. 13-1, Amy Herbst Decl. ¶¶ 2-6).

Before filing their complaint, counsel for Plaintiffs consulted with an expert who rendered an opinion that there was a good faith basis to proceed with Plaintiffs' claims. (Doc. 16-4, William F. Demarest III Decl., ¶ 8-9). After learning that the United States contended that Tennessee law applies, counsel obtained a letter which Plaintiffs claim would satisfy the requirements of Tenn. Code Ann. § 29-26-122(c). (Demarest Decl., ¶ 10).

This Court finds that under these circumstances, Plaintiffs have shown good cause for failing to show the certificate of good faith with their Complaint. Accordingly, Plaintiffs are entitled to an extension of time under Tenn. Code Ann. § 29–26–122(c).

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. The United States Motion to Dismiss (Doc. 6) is **DENIED**;

5

2. Plaintiffs' Motion for an Extension of Time to File a Certificate of Good Faith.

    (Doc. 16) is **GRANTED**;

    a. Plaintiffs shall file their Certificate of Good Faith within seven (7) days of entry of this Order;

    b. If Plaintiffs fail to file their Certificate of Good Faith, the United States is permitted to renew its Motion to Dismiss.

**IT IS SO ORDERED.**

                                                    */s/ Michael R. Barrett*
                                             JUDGE MICHAEL R. BARRETT